UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JAMES BLAIR STAFFORD, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:18-CV-065-JD-MGG |
| WARDEN, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

James Blair Stafford, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (IYC 16-12-83) where a Disciplinary Hearing Officer (DHO) found him guilty of use and/or possession of a cellular telephone in violation of Indiana Department of Correction (IDOC) Policy A-121. ECF 1 at 1, ECF 8-3 at 1. As a result, Stafford was sanctioned with the loss of 180 days earned credit time, a suspended demotion in credit class, and the imposition of a previously suspended demotion in credit class. ECF 8-3 at 1. The Warden has filed the administrative record and Stafford filed a traverse. Thus, this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Stafford asserts there are four grounds which entitle him to habeas corpus relief. ECF 2 at 3-7.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Stafford was found guilty of violating IDOC offense A-121 which prohibits inmates from "[u]authorized use or possession of any cellular telephone or other wireless or cellular communications device." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Stafford as follows:

> On December 10, 2016, at approximately 8:55 PM, I, Sergeant A. Riddell, was conducting a targeted search of HUC-O 38U cell 38 belonging to Offender Stafford, James #966294 HUC-O-38L and Offender Cash, Curtis #930461 HUC-O-38U, I had both offenders sit in the day-room as I searched their cell. While conducting a search of Offender Stafford's mattress I clearly observed a cut in the side of it approximately 8 inches long. When I searched the inside of the mattress I discovered two clear bags of brown leafy substance, two cellular device charging cables, one white in color portable cellular device charger, and one black in color touch screen cellular device. I secured the contraband on my person and continued my search of the cell with no further contraband being found. Offender Stafford was questioned about the contraband and denied any knowledge of it being in the cell. The offender was then given a notice of confiscated property. The contraband was then taken to the shift office for photographing and then placed in I.I. Locker #200.

ECF 8-1 at 1.

In the first ground of his petition, Stafford argues his due process rights were violated because his rehearing was not held in a timely manner. ECF 2 at 3-4. Here, Stafford claims that he did not have a hearing on the charge for 195 days. *Id.* at 3. However, Stafford is incorrect on this point. The relevant facts are as follows. The cellular telephone was found in Stafford's cell on December 10, 2016. ECF 8-1 at 1. Stafford was notified of the charge against him and screened on December 21, 2016.

3

ECF 8-6 at 2. The screening report was signed by Stafford. *Id.* A hearing was then held on the charge on December 29, 2016. ECF 8-6 at 3. Stafford appealed the finding of guilt and, on June 14, 2017, the IDOC reconsidered Stafford's case and granted him relief in the form of a new hearing. ECF 8-6 at 6. The rehearing was conducted less than 10 days later, on June 23, 2017. ECF 8-3 at 1. Given these events, Stafford has not shown there was any unreasonable delay or that due process entitled him to a quicker hearing or rehearing. To the extent Stafford claims the alleged delay violates IDOC policy, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). Therefore, Stafford's first ground does not identify a basis for granting habeas corpus relief.

In grounds two and three of his petition, Stafford asserts his due process rights were violated because he was denied a witness statement, two conduct reports, and video evidence. ECF 2 at 4-6. Here, Stafford first complains he was denied a witness statement from Offender Cash. ECF 2 at 4. Inmates have a right to present relevant, exculpatory evidence in their defense. *Miller v. Duckworth*, 963 F.3d 1002, 1005 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v.*

4

*McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Stafford's right to present evidence was satisfied. As to Offender Cash, he was attacked and killed by other offenders in the prison on December 13, 2016. ECF 2 at 4. Because Stafford requested Offender Cash's statement on December 21, 2016 (ECF 8-6 at 2), eight days after he passed away, a statement could not be obtained. To the extent, Stafford asserts he was denied Offender Cash's conduct report, he did not request that at the time of screening. ECF 8-2 at 1. Furthermore, while Stafford asserts he was denied access to Offender Stone's conduct report, the DHO considered Offender Stone's statement in which he admitted that it was his cellular telephone. ECF 8-3 at 1, 4. Here, Stafford's request for the conduct report would have had less value to Stafford's defense than the direct admission by Offender Stone. Therefore, because the DHO appropriately considered Offender Stone's statement, Stafford's right to present exculpatory evidence in his defense was not violated. *Miller*, 963 F.3d at 1005.

Stafford also asserts his due process rights were violated because he was denied video evidence of the cell shakedown. ECF 2 at 5. In his petition and traverse, he explains he requested video footage to show he was not in the cell when prison officials discovered the cellular telephone, however, Offenders Cash and Stone had been in and out of the cell multiple times during the day. ECF 2 at 5, ECF 9 at 3. But here Stafford waited until his re-screening on June 16, 2017, which was more than six months after the incident, to request the video footage. ECF 8-2 at 1. Thus, there was no video footage available to review. ECF 8-3 at 3. However, given Stafford's reason for

5

requesting the video footage, if produced, it would not have constituted exculpatory evidence. In other words, even if the video footage of the incident showed that Stafford was not in his cell at the time of the shakedown that fact would be irrelevant as to whether or not he possessed the cellular telephone, which was hidden in his mattress. Furthermore, there is no evidence in the record to suggest Stafford was not assigned to HUC-O-38L, which is the cell where Sergeant Riddell found the cellular telephone. As a final matter, prisoners do not have the right to create evidence which does not already exist. *Wolff*, 418 U.S. at 556; *See also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . . ."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates were not entitled to laboratory testing of substances). Therefore, grounds two and three do not provide a basis for habeas corpus relief. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence).

In the fourth ground of his petition, Stafford argues his due process rights were violated because the hearing officer, who presided over his rehearing, was partial or biased against him. ECF 2 at 6. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due

6

process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the events underlying the charge. *Id.*

The court's review of the record shows there is no competent evidence to support Stafford's contention that the hearing officer was dishonest or partial. Here, he seems to allege that the process of ordering and administering a rehearing is what caused the hearing officer to be biased against him. ECF 2 at 6. The hearing officer in his rehearing was a different officer than the one in his original hearing. ECF 8-3 at 1, ECF 8-6 at 3. Neither the rehearing officer nor the original hearing officer were involved in any way with the underlying circumstances that lead to the charge against Stafford. ECF 8-1 at 1, ECF 8-2 at 1, ECF 8-6 at 3. Sergeant Riddell was the reporting officer and the individual who searched the cell, and Captain Ray was the supervisor who signed off on the charge. ECF 8-1 at 1. In other words, different officers screened and conducted the hearing in both the original hearing and the rehearing. ECF 8-1 at 1, ECF 8-2 at 1, ECF 8-3 at 1, ECF 8-6 at 1-3. Because Stafford's claims that his rehearing officer was not impartial have no merit, this fourth ground does not identify a basis for granting habeas corpus relief.

As a final matter, to the extent Stafford seems to imply in his petition that there was insufficient evidence for the DHO to find him guilty of the use and/or possession of a cellular telephone, that contention fails. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d

7

at 786. Such is the case here. In the conduct report, Sergeant Riddell detailed his discovery of the cellular telephone in Stafford's mattress in the cell shared by both Stafford and Offender Cash. ECF 8-1 at 1. A photograph taken of the cellular telephone corroborates the conduct report. ECF 8-3 at 2. Given the discovery of the cellular telephone in Stafford's mattress in his cell coupled with the photographic evidence, there was more than "some evidence" for the DHO to find Stafford guilty of offense A-121. Furthermore, to the extent, Stafford claims the cellular telephone belonged to Offender Cash, the DHO was not required to believe Stafford's account of the events—that the telephone belonged to another offender. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."); *see also Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action). Therefore, the DHO's finding that Stafford was guilty was neither arbitrary nor unreasonable in light of these facts.

If Stafford wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, James Blair Stafford's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on November 26, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT